NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3186

MARTIN F. SALAZAR,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Martin F. Salazar, of Harlem, Georgia, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3186

MARTIN F. SALAZAR,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070838-I-1.

_____

DECIDED: September 5, 2008

_____

Before LINN and DYK, <u>Circuit Judges</u>, and STEARNS, <u>District Judge</u>.[*]

PER CURIAM.

Martin F. Salazar ("Salazar") seeks review of a final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. <u>Salazar v. Dep't of Energy</u>, No. AT-0752-07-0838-I-1 (M.S.P.B. Oct. 26, 2007) ("<u>Decision</u>"), <u>review denied</u>, <u>Salazar v. Dep't of Energy</u>, No. AT-0752-07-0838-I-1 (M.S.P.B. Feb. 14, 2008). Because the Board did not err in finding that it lacked jurisdiction, or that Salazar failed to show breach of the settlement agreement, we <u>affirm</u>.

_____

[*] Honorable Richard G. Stearns, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

Salazar was employed as an engineer by the Department of Energy ("the agency") in Aiken, South Carolina. In 2003, the Office of Personnel Management ("OPM"), and later the agency, conducted an investigation of Salazar, which revealed that Salazar had given false personal information to the agency. On April 19, 2004, the agency proposed Salazar's removal, in part, for making false statements regarding his educational qualifications and country of birth. Salazar responded in writing to the proposed removal, in which he suggested several options for a "win-win scenario," including "an early out retirement" or "the opportunity to resign without repercussions." In June 2004, Salazar and the agency entered into a settlement agreement to resolve the agency's proposed removal, the basic premise of which was that Salazar would remain employed "until he [wa]s eligible for early retirement from Federal Service, which is currently calculated as August 25, 2005." On August 25, 2005, Salazar filed an "Application for Immediate Retirement," on which he listed his date of birth as January 30, 1954. The application was granted.

On February 8, 2006, a federal grand jury indicted Salazar on four counts related to making false statements in his employment and retirement applications. The jury subsequently convicted Salazar on two counts: (i) Count 2, which involved his false statement "that he was born in Nogales, Arizona, when . . . he was born in Nogales, Mexico"; and (ii) Count 4, which involved his knowing and willful submission of an application for immediate retirement in which he falsely asserted "that he was born on January 30, 1954, when, in truth . . ., he was born on January 30, 1958, and was therefore not eligible for retirement." Following Salazar's conviction, OPM notified him

that, because of his failure to meet the age and service requirements at the time of his retirement, his annuity would be terminated.

On July 10, 2007, Salazar appealed to the Board, alleging that his retirement pursuant to the settlement agreement was involuntary. He also argued, alternatively, that the agency breached the settlement agreement. The Board dismissed Salazar's appeal for lack of jurisdiction, finding that Salazar's retirement was not involuntary. The Board's conclusion was based on Salazar's express acknowledgment in the settlement agreement that he was signing the agreement voluntarily, as well as evidence in the record that the early retirement was Salazar's idea. Decision at 3. The Board also rejected Salazar's contention that the agency had breached the settlement agreement. The Board concluded that, even if the agency had revealed Salazar's false statements to the government in violation of a confidentiality provision, "as a matter of public policy, an agreement between an agency and a former employee in settlement of an appeal from an adverse action cannot be construed as barring the United States from making criminal referrals based on the underlying conduct." Decision at 4 (citing Fomby-Denson v. Dep't of the Army, 247 F.3d 1366, 1377-78 (Fed. Cir. 2001)). Salazar timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

Our scope of review of Board decisions is defined and limited by statute. 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Salazar, as the petitioner, bears the burden of demonstrating

error in the Board's decision.  Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

We have carefully reviewed the record, as well as Salazar's arguments urging reversal, but find no basis to disturb the Board's decision.  Salazar's arguments on appeal relate primarily to his contention that his retirement was involuntary.  See, e.g., Pet'r's Br. at 3 (arguing that he "was coerced or had no choice but to sign the agreement." (emphasis in original)).  Based on the evidence in the record, however, the Board did not err in finding that Salazar's acceptance of the settlement agreement was voluntary, and thus plainly did not rise to the "demanding legal standard" we have set for showing involuntariness.  See Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc).  Consequently, the Board did not err in concluding that it lacked jurisdiction over Salazar's appeal.  The Board also did not err in concluding that Salazar failed to show breach of the settlement agreement.  As the Board correctly concluded, any confidentiality provision in the settlement agreement could not prohibit the agency, as a matter of public policy, from reporting Salazar's misconduct to the appropriate authority for prosecution.  See Fromby-Denson, 247 F.3d at 1377-78. Moreover, Salazar cannot be heard to complain about any breach, as it is evident from the criminal proceeding that he is not eligible for early retirement benefits.  For these reasons, the decision of the Board is affirmed.