**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4804**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARTIN F. SALAZAR,

        Defendant - Appellant.

--------------------------------------

ALLIANCE FOR PATIENT SAFETY; E-ACCOUNTABILITY FOUNDATION;
GOVERNMENT ACCOUNTABILITY PROJECT; INTEGRITY INTERNATIONAL;
NO FEAR COALITION; OSC WATCH; OPENTHEGOVERNMENT.ORG;
PARENTADVOCATE.ORG; SEMMELWEIS SOCIETY; U.S. BILL OF RIGHTS
FOUNDATION,

        Amici Supporting Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B Seymour, District Judge.
(1:06-cr-00123-MBS)

———————

Submitted:  May 7, 2009        Decided:  July 7, 2009

———————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina,
for Appellant.  W. Walter Wilkins, United States Attorney, Dean

A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee. Thomas M. Devine, GOVERNMENT ACCOUNTABILITY PROJECT, Washington, D.C., for Amici Supporting Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Salazar appeals his conviction following a jury trial of two counts of making false statements or representations to the United States Government, in violation of 18 U.S.C. § 1001 (2000). Salazar was convicted of Counts Two and Four of the indictment against him. Count Two alleged that, while working as an engineer at the Department of Energy's ("DOE's") Savannah River Site (a nuclear facility near Aiken, South Carolina), Salazar submitted a questionnaire to DOE, for the purpose of maintaining his top secret security clearance, in which he falsely stated that he was born in Nogales, Arizona, rather than Nogales, Mexico. Count Four alleged that, in 2005, Salazar submitted an application for early retirement to DOE in which he falsely stated that he was born on January 30, 1954, rather than January 30, 1958.

Salazar raises five issues on appeal: (1) whether the district court abused its discretion in denying his motion for new trial as to Count Two; (2) whether the district court abused its discretion in denying his motion for new trial as to Count Four; (3) whether the district court abused its discretion in failing to hold an evidentiary hearing regarding his motion for new trial; (4) whether the evidence at trial was sufficient to support his conviction under Count Two; and (5) whether the district court erred by admitting the testimony of a lay

3

witness, Robert Ruple, due to the danger of unfair prejudice. We affirm.

### I. Jurisdiction to Review Denial of Motion for New Trial

In a criminal case, a defendant's notice of appeal must be filed within ten days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). A notice of appeal filed before the district court disposes of any of the motions referred to in Rule 4(b)(3)(A) becomes effective upon the later of the entry of the order denying the last such remaining motion or the judgment of conviction, and "is effective - without amendment - to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A)." Fed. R. App. P. 4(b)(3)(B), (C). Rule 4(b)(3)(A)(ii) refers to a motion "for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 10 days after the entry of the judgment."

The district court entered judgment against Salazar on August 7, 2007, and he filed his notice of appeal on August 17, 2007, thereby perfecting a timely appeal of the judgment. Salazar did not file his motion for a new trial until September 10, 2007, more than ten days after the entry of the judgment. Because the motion for a new trial was not filed within ten days after the judgment was entered, Salazar's notice of appeal was

4

not effective without amendment to appeal from the order denying the motion for a new trial. The district court denied Salazar's motion for a new trial on April 7, 2008, and Salazar did not file an amended notice of appeal regarding that order. Salazar did not indicate his intent to appeal the denial of his motion for a new trial until he filed his appellate brief in this Court on June 5, 2008.

Salazar has failed to file a timely appeal in accordance with Rule 4(b). While Salazar's appeal is clearly untimely, appeal periods in criminal cases are not jurisdictional; rather, they are "claim-processing rules" adopted by the Supreme Court that do not affect this Court's subject-matter jurisdiction. See Bowles v. Russell, 551 U.S. 205, 208-13 (2007); United States v. Frias, 521 F.3d 229, 233 (2d Cir. 2008); United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008). Despite the fact that the time limitations imposed by Rule 4(b) are not jurisdictional, they "must be enforced by th[e] court when properly invoked by the government." Mitchell, 518 F.3d at 744.

In the present case, we directed the parties to file supplemental briefs addressing the timeliness issue. The Government has not filed a motion to dismiss the appeal as untimely and has acknowledged that it erroneously conceded the timeliness of the appeal in its initial brief. Accordingly,

5

because Salazar's failure to comply with Rule 4(b) does not remove this court's jurisdiction to review the order denying his motion for new trial, and because the Government does not request invocation of the rule, we consider it appropriate under the particular facts of this case to exercise our jurisdiction to review the merits of the order.

## II. Denial of Motion for New Trial as to Count Two

A district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997)). This Court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995). In order to warrant a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. United States v. Lofton, 233 F.3d 313, 318 (4th Cir. 2000). Unless the

6

defendant demonstrates all five of these factors, the motion should be denied. <u>United States v. Chavis</u>, 880 F.2d 788, 793 (4th Cir. 1989).

Salazar's motion for new trial as to Count Two is based upon his sister's affidavit that she was present at his birth in Nogales, Arizona. The district court reasonably found that Salazar was not diligent in seeking such evidence from his family members during the year after he was indicted and before his trial began. Furthermore, the court did not abuse its discretion in finding that the new evidence was unlikely to result in a judgment of acquittal, in light of the Government's evidence that Salazar was born in Mexico, including: (1) an official birth registration form showing that Salazar was born in Nogales, Mexico; (2) a certified document reflecting that no record exists of Salazar's birth in Arizona; (3) Salazar's 1970 application for a social security card in which he identified Nogales, Mexico, as his place of birth; (4) an identification card issued to Salazar in 1969 listing his place of birth as Mexico; (5) testimony by Salazar's ex-wife that Salazar admitted to her that he was born in Mexico; (6) a "caddy spotlight" written by an employee of the Augusta National Golf Course, where Salazar was employed as a caddy, identifying Salazar's place of birth as Mexico, based upon Salazar's own statements; and (7) Salazar's written statement that "he had always said

7

that he was born in Mexico." In light of the weight of the evidence favoring Salazar's conviction on Count Two and his failure to demonstrate that he acted with due diligence in obtaining his sister's affidavit, the district court did not abuse its discretion in denying his motion for new trial as to Count Two.

III. Denial of Motion for New Trial as to Count Four

Salazar's motion for new trial as to Count Four is based upon the sworn statement by Doris Hixon, a human resource specialist at the Savannah River Site who prepared Salazar's application for early retirement based upon the January 30, 1954, date of birth that was listed in his personnel records, in which she indicated that she was aware in April 2004 of the discrepancies concerning Salazar's date of birth, contrary to her testimony at trial. The district court found that the evidence was not newly discovered because it was provided to Salazar, in substance, before trial and he attempted to impeach Hixon's testimony with it when she testified. Furthermore, the evidence was merely impeaching and was not sufficient to establish an affirmative defense of entrapment by estoppel because it established at most only that Hixon, not other DOE employees who proposed Salazar's early retirement, was aware of the discrepancies between Salazar's reported dates of birth.

Accordingly, we conclude the district court did not abuse its discretion in denying Salazar's motion for a new trial as to Count Four.

IV. Failure to Hold Evidentiary Hearing on Motion for New Trial

A district court's denial of a motion for an evidentiary hearing on a motion for new trial is reviewed for abuse of discretion. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). The district court did not abuse its discretion in failing to hold an evidentiary hearing because the district court based its denial of the motion for new trial upon Salazar's lack of diligence in obtaining his sister's affidavit and the weight of the evidence that he was born in Mexico, as to Count Two, and upon the fact that Hixon's affidavit was not newly discovered and was merely impeaching, as to Count Four. Accordingly, there was no need for the district court to hold a hearing to evaluate the evidence presented in connection with the motion for new trial.

V. Sufficiency of the Evidence as to Count Two

When a defendant challenges the sufficiency of the evidence, we consider whether substantial evidence, viewed in the light most favorable to the Government, supports the jury's verdict. Burks v. United States, 437 U.S. 1, 17 (1978); United

9

States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (citations omitted). "[W]e do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

The jury's verdict on Count Two was supported by substantial evidence. Salazar does not contest that he claimed to have been born in Nogales, Arizona, on the questionnaire he submitted to DOE for the purpose of maintaining his security clearance. The evidence that Salazar's statement on the questionnaire was knowingly false is persuasive, as previously recounted. Salazar challenged the reliability of the Government's evidence and the credibility of its witnesses at trial, but did not present any affirmative evidence that he was born in Arizona, rather than Mexico. Assuming that the jury credited the testimony of the Government's witnesses, and viewing the evidence in the light most favorable to the Government, the evidence was sufficient for a reasonable jury to find Salazar guilty beyond a reasonable doubt on Count Two. We therefore affirm Salazar's conviction on Count Two.

10

## VI. Admission of Testimony

Because Salazar did not object to the district court's admission of Ruple's testimony at trial, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). Under the plain error standard, Salazar must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

A district court's decision to admit evidence is given broad deference and will be overruled only under extraordinary circumstances that constitute a plain abuse of discretion. United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998). In reviewing the admission of evidence, we construe the evidence in the "light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (quoting Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1135 (4th Cir. 1988)).

Ruple testified that he worked at the Augusta National during the 2004 and 2005 seasons, and put together a written

11

"spotlight" about Salazar, who was working at the Augusta National as a caddy during that time.   Ruple prepared a spotlight of a different caddy approximately once per week in order for the caddies to "get to know everybody else."   Salazar approached Ruple and asked to be highlighted in a spotlight. The spotlight was based upon a fifteen-minute interview of Salazar conducted by Ruple.   The spotlight was posted on a bulletin board where Salazar could see it, and Salazar did not complain that the spotlight contained any inaccurate information.   The spotlight, which was meant to be entertaining, read in relevant part as follows:

> Marteen Salazar has graced us with his presence at the Augusta National for five years now.  He is 60 years old.  Marteen was born in Nogales, Mexico, the land of Tequila and Senoritas.  At three, his family moved to Los Angeles and little Marteen became a citizen of the United States.

> Marteen has one daughter and a son from a previous marriage.  His son is a captain in the U.S. Army Rangers.  Marteen's first love is rugby.  He is also an accomplished tennis player, at one point holding the third seed in the California State tennis rankings.

> As we all know, Marteen has had a highly-decorated military career, as well as a stellar academic record.  One unknown fact is that Marteen also possess [sic] a black belt, beware his fists of fury.

> Marteen started his academic career at Long Beach State with a BS in mechanical engineering. Moving from that, he received his masters in nuclear physics. At this point he is working on his doctorate from Georgia Tech in nuclear physics.

In between all his upper education, Marteen still found time to become a naval officer. He was the executive officer on multiple boats, mostly fast-attack submarines. The executive officer, for those that don't know, is the second man in charge. If his commanding officer had ever taken a bullet from a Russian, Mr. Salazar would have been in charge of a billion dollar war machine lurking in the depths protecting us all.

Upon cross-examination, Ruple acknowledged that he and his co-workers "didn't really take [the spotlights] seriously" and did not check the facts that the caddies reported to them. Upon redirect examination, Ruple testified that the factual assertions in the spotlight were based upon Salazar's answers to Ruple's questions.

The district court did not err in admitting Ruple's testimony. Ruple acknowledged that the spotlight was a lighthearted piece of writing and that he did not attempt to verify the facts contained in it. Ruple's testimony was probative as to the issue of where Salazar was born, and this probative value outweighed any prejudicial effect upon the jury's evaluation of Salazar's character for truthfulness. We therefore affirm the district court's decision to admit Ruple's testimony.

For the reasons stated above, we affirm the district court's judgment and its denial of Salazar's motion for new trial. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials

13

before the court and argument would not aid the decisional process.

AFFIRMED