NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTIN F. SALAZAR,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3011

---

Petition for review of the Merit Systems Protection Board in case no. AT0841090517-I-3.

---

Decided: October 5, 2012

---

MARTIN F. SALAZAR, of Groveton, Georgia, pro se.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before PROST, MAYER, and MOORE, *Circuit Judges.*

PER CURIAM.

Martin F. Salazar appeals from the final order of the Merit Systems Protection Board ("board") sustaining a decision by the Office of Personnel Management ("OPM") to deny his request for reinstatement of his retirement annuity under the Federal Employees' Retirement System ("FERS"). *See Salazar v. Office of Pers. Mgmt.*, 117 M.S.P.R. 610 (2012) ("*Salazar III*"). We *affirm*.

I.

Salazar was employed as an engineer by the Department of Energy ("DOE") in Aiken, South Carolina. In 2003, OPM conducted a background investigation which indicated that Salazar had given false personal information to the DOE regarding his education as well as his place of birth. *See Salazar v. Dep't of Energy*, 292 F. App'x 918, 919 (Fed. Cir. 2008) ("*Salazar II*"). On April 19, 2004, the DOE proposed to remove Salazar for making false statements regarding his educational qualifications and country of birth. *Id.* In June 2004, Salazar and the DOE entered into a settlement agreement which provided that Salazar would remain employed with the agency until the date he was eligible for early retirement. It was calculated that Salazar would be eligible to retire on August 25, 2005. *Id.*

On August 25, 2005, Salazar filed an application for immediate retirement. This application listed Salazar's date of birth as January 30, 1954. Salazar's application for immediate retirement was granted, with an effective date of August 26, 2005, and he began receiving retirement benefits.

On February 8, 2006, a federal grand jury indicted Salazar on four counts related to the making of false state-

ments on his employment and retirement applications. A jury subsequently convicted Salazar on two counts: (1) making a false statement that he was born in Nogales, Arizona, when he in fact was born in Nogales, Mexico; and (2) making a knowing and willful submission of an application for immediate retirement in which he falsely asserted "that he was born on January 30, 1954, when in truth, as he then well knew, he was born on January 30, 1958, and was therefore not eligible for retirement." Salazar filed a motion seeking a new trial, but his motion was denied. *See United States v. Salazar*, No. 1:06-123, 2008 U.S. Dist. LEXIS 123305 (D.S.C. Apr. 7, 2008). On July 6, 2009, the United States Court of Appeals for the Fourth Circuit upheld Salazar's conviction and affirmed the denial of his motion for a new trial. *See United States v. Salazar*, 338 F. App'x 338 (4th Cir. 2009) ("*Salazar I*").

In the wake of Salazar's conviction, OPM notified him that his annuity would be terminated because he failed to meet the age and service requirements for a FERS annuity at the time of his retirement. OPM further informed Salazar that he would be required to repay the $20,540.88 in retirement benefits he had received between September 1, 2005 and February 28, 2007.*

On July 10, 2007, Salazar appealed to the board, arguing that his retirement pursuant to the settlement agreement had been involuntary. The board dismissed Salazar's appeal for lack of jurisdiction, concluding that his retirement had not been involuntary. This court affirmed. We concluded that "the Board did not err in finding that Salazar's acceptance of the settlement

---

\*    OPM subsequently determined not to seek recovery of the overpayment because the district court, in the criminal case, had previously entered an order for restitution of the overpayment.

agreement was voluntary, and thus plainly did not rise to the 'demanding legal standard' we have set for showing involuntariness." *Salazar II*, 292 F. App'x at 920 (quoting *Garcia v. Dep't of Homeland Sec.,* 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc)). We held, moreover, that Salazar had failed to establish that OPM had breached the settlement agreement since "any confidentiality provision in the settlement agreement could not prohibit the agency, as a matter of public policy, from reporting Salazar's misconduct to the appropriate authority for prosecution." *Id.*

Salazar then filed another appeal with the board, arguing that he was entitled to have his FERS retirement annuity reinstated. On January 7, 2011, an administrative judge, in an initial decision, dismissed Salazar's appeal based upon the doctrine of collateral estoppel. The judge explained that Salazar's "entitlement to reinstatement of his retirement annuity rests upon his age and length of service at the time of his separation" from the federal service. Given that the issue of Salazar's age at the time of his retirement had been "fully and fairly litigated before the District Court" in the criminal proceedings, collateral estoppel barred Salazar from relitigating that issue before the board.

Salazar thereafter filed a petition for review with the board. The board determined that the administrative judge had correctly applied the doctrine of collateral estoppel to deny Salazar's claim for reinstatement of his retirement annuity. The board determined, however, that rather than dismissing Salazar's appeal, the administrative judge should instead have sustained OPM's decision denying reinstatement of Salazar's retirement benefits. Salazar then filed a timely appeal with this court.

## II.

The scope of our review in an appeal from the board is limited. *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). We must affirm a board decision unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner bears the burden of establishing error in a board decision. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed. Cir. 1998).

"It is well established that the doctrine of collateral estoppel contributes to efficient judicial administration, serving the public interest in judicial economy as well as the parties' interests in finality, certainty of affairs and avoidance of unnecessary relitigation." *Chisholm v. Def. Logistics Agency*, 656 F.2d 42, 46 (3rd Cir. 1981); *see Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-30 (1971). Here, as the board correctly determined, collateral estoppel bars Salazar from relitigating the issue of whether he met the age requirements for a FERS annuity at the time of his retirement.

Collateral estoppel will be applied where: "(1) the issue previously adjudicated is identical with that now presented; (2) that issue was 'actually litigated' in the prior case; (3) the previous determination of that issue was necessary to the end-decision then made; and (4) the party precluded was fully represented in the prior action." *Rice v. Dep't of the Treasury*, 998 F.2d 997, 999 (Fed. Cir. 1993); *see also Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 238 (Fed. Cir. 1988). Salazar was convicted of misrepresenting his date of birth on his retirement application. The jury specifically found that Salazar had falsely as-

serted "that he was born on January 30, 1954, when, in truth, as he then well knew, he was born on January 30, 1958, and was therefore not eligible for retirement." Given that the prior criminal proceedings conclusively determined that Salazar was born in 1958, not 1954, he is collaterally estopped from re-litigating the issue of whether he met the age requirements to obtain a FERS annuity at the time of his retirement. *See Rice*, 998 F.3d at 999 (concluding that an employee's prior criminal conviction precluded him from challenging a removal notice based upon the same misconduct); *see also Kroeger*, 865 F.2d at 238 (explaining that the doctrine of collateral estoppel is fully applicable in board proceedings).

On appeal, Salazar argues that the board failed to consider new evidence demonstrating that he was wrongfully convicted. We have previously made clear, however, "that a party submitting new evidence in connection with a petition for review must satisfy the burden of showing that the evidence is material and that it could not have been obtained earlier with the exercise of due diligence." *Brenneman v. Office of Pers. Mgmt.*, 439 F.3d 1325, 1328 (Fed. Cir. 2006); *Azarkhish v. Office of Pers. Mgmt.*, 915 F.2d 675, 679 (Fed. Cir. 1990). Salazar has not established that he possesses any new material evidence demonstrating that he was wrongfully convicted, and fails to explain why, if such evidence exists, he failed to present it at an earlier date. *See Brenneman*, 439 F.3d at 1328; *see also United States v. Salazar*, 396 F. App'x 44, 45 (4th Cir. 2010) (affirming the trial court's denial of Salazar's repeated requests for a new trial based upon the discovery of allegedly new evidence).

Large sections of Salazar's informal appeal brief are devoted to his contention that the DOE forced him to accept early retirement. Specifically, he argues that his retirement was involuntary because the government

"knowingly and willingly" coerced him into entering into a settlement agreement which required him to retire on August 25, 2005. This court previously considered and rejected this argument. In *Salazar II*, we held that "the Board did not err in finding that Salazar's acceptance of the settlement agreement was voluntary." 292 F. App'x at 920. Accordingly, Salazar is precluded from re-litigating the issue of whether he voluntarily resigned from the federal service.

We have considered Salazar's remaining arguments but do not find them persuasive. We therefore affirm the board's order sustaining OPM's decision to deny Salazar's request for reinstatement of his FERS annuity.

**AFFIRMED**