# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MARTIN F. SALAZAR,

      Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,

      Agency.

DOCKET NUMBER
AT-0842-24-0675-I-1

DATE: June 2, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Martin F. Salazar, Augusta, Georgia, pro se.

Eva Ukkola and Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his claim that the Office of Personnel Management (OPM) failed to pay him an immediate or deferred annuity benefit for lack of jurisdiction after applying the doctrine of collateral estoppel. For the reasons discussed below, we GRANT the appellant's petition for review; DISMISS the appellant's involuntary

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

retirement claim, which the administrative judge did not address, for lack of jurisdiction based on collateral estoppel; VACATE the initial decision; and REMAND the appellant's claim regarding his entitlement to an immediate or deferred retirement annuity to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was previously employed by the Department of Energy (DOE). In June 2004, he and DOE entered into a settlement agreement. Initial Appeal File (IAF), Tab 9 at 31-33. Pursuant to the terms of the agreement, the appellant separated from the agency in August 2005. *Id.* at 32; *Salazar v. Office of Personnel Management*, MSPB Docket No. AT-0752-07-0838-I-1 (*Salazar I*), Initial Decision at 2 (Oct. 26, 2007). He then sought a voluntary early retirement annuity, which OPM granted based in part on the appellant's representation that his date of birth was January 30, 1954. *Salazar I*, Initial Decision at 2-3. OPM retroactively terminated the annuity after the appellant was convicted in February 2007 of falsely stating his date of birth, which was, in fact, January 30, 1958, on his retirement application. *Id.*; *United States v. Salazar*, Cr. No. 1:06-123, 2011 WL 5909947, at *1 (D.S.C. Nov. 28, 2011); *United States v. Salazar*, Cr. No. 1:06-123 (MBS), 2008 WL 8652215 (D.S.C. Apr. 7, 2008), *aff'd per curiam*, 338 F. App'x 338 (4th Cir. 2009).

On June 25, 2024, the appellant filed the instant appeal, alleging that his August 2005 retirement was involuntary and that OPM had failed to pay him an annuity benefit since April 2021. IAF, Tab 1 at 2, Tab 4 at 2, Tab 9 at 5. The appellant alleged below that he last asked OPM to issue a decision regarding his annuity payments on May 6, 2024, but OPM never issued him one. IAF, Tab 5 at 1.

The administrative judge issued an Order to Show Cause, noting that it "appear[ed that] these same matters have been fully adjudicated before the Board

and the United States Court of Appeals for the Federal Circuit." IAF, Tab 6 at 1. He provided the appellant with the legal standard for both res judicata and collateral estoppel and ordered him to submit argument and evidence as to why the appeal should not be dismissed for lack of jurisdiction on the basis of either preclusion doctrine. *Id.* at 2-4. The appellant responded to the order, arguing that his position had materially changed because he had attained minimum retirement age. IAF, Tab 9 at 7-10. He also argued that his claims regarding his alleged involuntary retirement should not be precluded because the prior appeals did not reach the merits of his argument that his signature on the June 2004 settlement agreement was coerced. *Id.* at 14-15.

On September 17, 2024, without holding the appellant's requested hearing, the administrative judge issued an initial decision, which found that the appellant's retirement annuity claim was barred by the doctrine of collateral estoppel and dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1, 4. He found that the appellant's argument that he was entitled to Federal retirement benefits was already litigated before the Board and the Federal Circuit. ID at 3-4. The administrative judge did not expressly rule on the appellant's claim that his resignation was involuntary.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 3. The appellant argues that the administrative judge committed reversible error by raising the issue of preclusion sua sponte. *Id.* at 1-2, 11. He also argues that he now meets the age requirement for an immediate or deferred annuity. *Id.* at 3-4, 13. He relatedly argues that by allowing OPM to avoid adjudicating this appeal, his property rights to his vested retirement benefits are being denied without due process. *Id.* at 4-5. He argues that his retirement was involuntary because the June 2004 settlement agreement was invalid and violated his constitutional rights. *Id.* at 8-9. For the first time on review, the appellant submits a report by the Board on due process, and excerpts of a prior hearing

transcript.[2]  PFR File, Tab 5 at 14-49.  The agency has submitted a pro forma response to the petition for review, and the appellant has replied.  PFR File, Tabs 7-8.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge did not err by applying collateral estoppel sua sponte.

On review, the appellant argues that because collateral estoppel may be waived if a party fails to raise it, the administrative judge committed reversible error by applying collateral estoppel sua sponte.  PFR File, Tab 3 at 1-2, 11.  The administrative judge issued his order to show cause as to why the appeal should not be dismissed after taking judicial notice of the appellant's prior appeals at the Board and the Federal Circuit.  IAF, Tab 6 at 1-2.  In the initial decision, the administrative judge found that collateral estoppel barred the appellant's claim for retirement benefits.

The appellant is correct that estoppel is an affirmative defense that must be timely pled, or it is generally deemed waived.  *Killeen v. Office of Personnel Management*, 106 M.S.P.R. 666, ¶ 9 (2007), *vacated and remanded on other grounds*, 558 F.3d 1318 (Fed. Cir. 2009).  However, the Board and the Federal Circuit have found it appropriate to apply a preclusion defense sua sponte if the Board is on notice that it has previously decided the issue presented and the Board's resources have been spent addressing the issue.  *Id.*, ¶¶ 10-11; *Stearn v. Department of the Navy*, 280 F.3d 1376, 1380-81 (Fed. Cir. 2002) (holding that

---

[2] We decline to consider the appellant's evidence submitted for the first time on review. PFR File, Tab 5 at 14-49.  The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  The appellant has not demonstrated that these documents are relevant to the dispositive jurisdictional issue, and we decline to consider them further.

[3] The appellant has also filed a motion for leave to file an amended reply to clarify his arguments on review.  PFR File, Tab 10.  The appellant's motion does not explain why the requested pleading is important as required by 5 C.F.R. § 1201.114(a)(4). Therefore, we deny the appellant's motion.

raising a preclusion defense sua sponte might be appropriate in special circumstances, "[m]ost notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised'") (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000) (emphasis removed)).

In *Salazar I*, an administrative judge found that the appellant's resignation pursuant to the settlement agreement was voluntary. *Salazar I*, Initial Decision at 3. This holding was affirmed by the full Board and the Federal Circuit. *Salazar I*, Final Order (Feb. 14, 2008), *aff'd per curiam*, 292 F. App'x 918 (Fed. Cir. 2008). In *Salazar v. Office of Personnel Management*, MSPB Docket No. AT-0841-09-0517-I-3 (*Salazar II*), Initial Decision (Jan. 7, 2011), an administrative judge determined that the appellant did not meet the age requirement for an early retirement annuity benefit because his criminal conviction determining that he was born in 1958 was entitled to collateral estoppel effect. This holding was affirmed by the full Board and the Federal Circuit. *Salazar II*, Final Order (Sep. 30, 2011), *aff'd per curiam*, 495 F. App'x 64 (Fed. Cir. 2012).

Therefore, the Board has previously expended resources on adjudicating the appellant's claims of entitlement to Federal retirement benefits and his alleged involuntary retirement, and the administrative judge did not err by applying the doctrine of collateral estoppel sua sponte.

<u>The appellant's retirement annuity claim is not barred by collateral estoppel.</u>

On review, the appellant argues that the administrative judge erred by dismissing his retirement annuity claim on the basis of collateral estoppel. The administrative judge found that even if the appellant alleged new facts or a new cause of action, the appellant's retirement annuity claim is collaterally estopped because the issue was previously determined by the Board. ID at 3. We agree with the appellant that the administrative judge erroneously applied collateral

estoppel to his annuity claim, and we remand this matter for a jurisdictional finding.

Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction in certain circumstances. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 9 (2016), *aff'd sub nom.*, *Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Collateral estoppel bars an appellant from relitigating an issue when: (1) the issue is identical to that involved in a prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Id.*, ¶ 13. Unlike res judicata, collateral estoppel may bar a party from relitigating an issue in a second action even when the prior appeal was dismissed for lack of jurisdiction and the appellant provides no other valid basis of Board jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶¶ 8, 10-11 (2003).

The appellant reasserts on review that the issue being adjudicated regarding his eligibility for retirement benefits in this appeal is distinguishable from that in prior appeals. PFR File, Tab 3 at 3-4. We agree. The administrative judge determined that a prior Board appeal already considered the issue of "whether the appellant [was] entitled to [F]ederal retirement benefits." ID at 3. However, that defines the issues in both appeals far too broadly.

The Board previously determined that the appellant did not meet the age requirement for voluntary early retirement under the Federal Employees' Retirement System (FERS) because, at the time of his separation from DOE in August 2005, he was not 50 years of age, as required by 5 U.S.C. § 8414(b)(1)(B)(iv) based on his length of service. *Salazar II*, Initial Decision at 2-4. The appellant argues that he is now entitled to an immediate or deferred retirement annuity under the provisions of the Civil Service Retirement System.

FERS similarly provides for immediate and deferred retirements. PFR File, Tab 3 at 3-4, 13; 5 U.S.C. §§ 8412, 8413. Eligibility for these benefits is determined by age and the number of years of creditable service the employee has at the time of retirement. *Niederhofer v. Office of Personnel Management*, 115 M.S.P.R. 211, ¶ 2 n.2 (2010). These requirements differ from those necessary for an early retirement annuity, and the appellant has now passed 62 years of age, which is the minimum age required to receive an immediate or deferred annuity benefit. 5 U.S.C. §§ 8412(c), 8413(a). Therefore, it cannot be said that the appellant is raising identical issues in the two appeals, or that the appellant's current entitlement to an immediate or deferred retirement annuity was actually litigated in his prior appeal.[4]

The record on jurisdiction has not been adequately developed, and we remand this appeal to afford the appellant proper jurisdictional notice and an adequate opportunity to establish jurisdiction over his appeal. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Because we do not have sufficient information to determine whether the Board has jurisdiction over the appellant's retirement claim, we decline to consider the appellant's related claims, including that OPM violated his due process rights and its own procedures. PFR File, Tab 3 at 9-10, 13. *See Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007) (stating that the Board has no jurisdiction to review constitutional claims that are not coupled with an independently appealable action); *Shifflett v. Department of the Navy*, 83 M.S.P.R. 472, ¶ 5 (1999) (holding that although an agency is obligated to conform to procedures and regulations it adopts and the Board is required to enforce such provisions, an

---

[4] Because we find that the appellant is not raising an identical issue to that raised in a prior appeal and that the appellant's entitlement to an immediate or deferred retirement annuity was not actually litigated in a prior appeal, his annuity claim is not barred by collateral estoppel. Therefore, we need not reach whether the determination on the issue was necessary to the resulting judgment or if the appellant was fully represented in the prior appeal.

allegation that an agency failed to follow its own procedures is not independently appealable to the Board). If the appellant establishes Board jurisdiction on remand, the administrative judge should consider the appellant's due process and procedural arguments.

<u>We dismiss the appellant's involuntary retirement claim for lack of jurisdiction based on collateral estoppel.</u>

The appellant also asks that the Board review the terms of the settlement agreement he entered into with DOE, arguing that it was coerced and is invalid. PFR File, Tab 3 at 8. The gravamen of his claim is that the agency signed the agreement despite knowing his actual age. PFR File, Tab 3 at 8-9, 11; IAF, Tab 9 at 5. The administrative judge did not expressly rule on the appellant's involuntary retirement claim. We do so now, and we find that collateral estoppel bars consideration of the appellant's assertion of jurisdiction over his involuntary retirement claim.

In *Salazar I*, the appellant presented the same issue as the one raised here. In that appeal, the appellant argued that his retirement, as negotiated by the June 10, 2004 settlement agreement, was involuntary. *Salazar I*, Initial Decision at 3; IAF, Tab 4 at 19-22. In the present appeal, the appellant asked the Board to request that his employing agency reinstate him because his retirement was coerced. IAF, Tab 1 at 2, Tab 9 at 5, 15.

On review, the appellant seeks to distinguish *Salazar I* from the instant appeal by stating that "the agency had full knowledge of the discrepancies" in the settlement agreement, including as to his age. PFR File, Tab 5 at 11. Even if the appellant did not raise these alleged facts in *Salazar I*, he would still be estopped by his criminal conviction from establishing jurisdiction over his constructive removal claim. To prevail on his theory that the agency knew his age at the time it signed the agreement, the appellant would need to show that he was also unaware of his age at that time and the agency's misrepresentation of his age induced him to settle. *See Hazelton v. Department of Veterans Affairs*,

112 M.S.P.R. 357, ¶ 11 (2009). The appellant is estopped by his conviction from claiming he was not aware of his date of birth, and the Federal Circuit previously observed that "early retirement was [the appellant's] idea." *Salazar*, 292 F. App'x at 919.

We also find that the issue of the appellant's alleged involuntary retirement was actually litigated in *Salazar I*. An issue has been actually litigated in a prior appeal when it has been "properly raised by the pleadings, was submitted for determination, and was determined." *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001) (citation omitted); s*ee also Luna v. Department of the Air Force*, 87 M.S.P.R. 232, ¶ 8 (2000) (explaining that the actual litigation criterion is satisfied only when the issue was contested by the parties and resolved by the adjudicator). The voluntariness of the appellant's resignation was raised by the appellant in his pleadings, submitted for determination, and was ultimately determined by an administrative judge when he found that the appellant did not raise a nonfrivolous allegation of Board jurisdiction over the claim. *Salazar I*, Initial Decision at 3, 5. Therefore, the voluntariness of the appellant's retirement was actually litigated in *Salazar I*.

The determination of the involuntary retirement issue in *Salazar I* was necessary to the determination that the Board lacked jurisdiction over that claim. *Salazar I*, ID at 3, 5. Finally, the appellant had a full and fair opportunity to litigate the issue in the prior action *Salazar I*. His pro se status does not preclude the application of collateral estoppel. *Noble*, 93 M.S.P.R. 693, ¶ 9. We therefore find that the appellant is collaterally estopped from rearguing that his resignation, stemming from the June 10, 2004 settlement agreement, was involuntary.

The appellant's entrapment defense may not be raised before the Board.

Below and on review, the appellant alleges that the June 10, 2004 settlement agreement was drafted in such a way as to entrap him into making false statements on a Government document, an offense for which he was later criminally prosecuted and convicted. IAF, Tab 9 at 19-21; PFR File, Tab 3 at 11;

*see United States v. Salazar*, Cr. No. 1:06-123 (MBS), 2007 WL 9655933 (D.S.C. May 24, 2007). The Board has recognized that entrapment may not be raised in administrative proceedings. *Middleton v. Department of Justice*, 23 M.S.P.R. 223, 226 (1984) (recognizing that, like the exclusionary rule, the affirmative defense of entrapment is unavailable as an affirmative defense in Board proceedings because it serves no deterrent effect), *aff'd*, 776 F.2d 1060 (Fed. Cir. 1985) (Table). We therefore dismiss this claim for lack of jurisdiction.

## ORDER

For the reasons discussed above, we remand the appellant's claims regarding his entitlement to a retirement annuity to the regional office for further development of the record on the jurisdictional issue and, if appropriate, adjudication on the merits.

FOR THE BOARD:       *Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.