**Manuel B. ZAZUETA, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,**
**Respondent.**

No. 04–3088.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 13, 2004.

J. Reid Prouty, Principal Attorney, David M. Cohen, of Counsel Attorney, Deborah A. Bynum, of Counsel Attorney, Department of Justice, Washington, DC, for Respondent.

Michael P. Baranic, Principal Attorney, Gattey Baranic, San Diego, CA, for Petitioner.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

Petitioner Manuel Zazueta appealed to the Merit Systems Protection Board from a decision of the United States Border Patrol Service[1] (Agency) removing him from his GS–11 Senior Border Patrol Agent position for a first-time offense of using illegal drugs during off-duty hours. The administrative judge's initial decision mitigated the penalty to a sixty-day suspension. The Board reversed, sustaining his removal. Docket No. SF–0752–02–0226–I–1, 94 M.S.P.R. 493. Because the Board considered the relevant factors in determining the appropriateness of the penalty, including the penalty's consistency with applicable Agency policies, and its decision was otherwise reasonable, this court *affirms*.

## I.

During his six years (1995–2001) as a Border Patrol Agent, Mr. Zazueta received many favorable performance reports,

---

1. The Border Patrol Service, a part of the Immigration and Naturalization Service, was transferred from the Department of Justice to the Department of Homeland Security on March 1, 2003. 6 U.S.C.A. § 291 (2004).

awards and commendations. In August 2001, however, a random drug test revealed his off-duty use of methamphetamine and amphetamines. In an October 19, 2001 letter, the Agency proposed his removal. The letter noted Mr. Zazueta's previous work experience, his outstanding performance rating, and his lack of prior disciplinary actions. Nonetheless the letter concluded that the seriousness of the offense, which "st[ruck] at the core of [Mr. Zazueta's] position" as a drug interdiction agent and the Agency's mission, outweighed these considerations.

On December 19, 2001, Mr. Kenneth Stitt, the Chief Patrol Agent for petitioner's sector and the deciding official in this case, ordered Mr. Zazueta removed from his position. Chief Stitt found that petitioner had known his duties and responsibilities and knew or should have known that drug use could be grounds for dismissal. He further found that petitioner's "eleventh hour response of remorse" was unpersuasive, rejected the claim that his unhappy home life had led to his use of drugs, and discounted rehabilitation. Petitioner appealed to the Board.

The administrative judge issued an initial decision on May 8, 2002, mitigating the Agency's penalty of removal to a sixty-day suspension. The administrative judge found that the penalty of removal violated the letter and spirit of the Agency's policies towards employee drug use, which encourage rehabilitation. The administrative judge also found that the Agency had failed to consider mitigating factors. The administrative judge concluded that the Agency's selected penalty exceeded the bounds of reasonableness.

The Board reversed, sustaining the Agency's decision to remove Mr. Zazueta. According to the Board, the Agency has primary discretion in exercising its managerial function of maintaining employee discipline and efficiency. Accordingly, the Board cannot displace management's responsibility, but simply ensure that managerial judgment is properly exercised. Thus, the Board concluded that the deciding official—Chief Stitt—had properly considered the relevant factors in making his penalty determination. Chief Stitt had considered petitioner's six years of service without prior discipline and his outstanding service as mitigating factors, but concluded that these were outweighed by the fact that petitioner's drug use was in direct conflict with his drug interdiction duties; that petitioner's violation was knowing and intentional; and that as a law enforcement officer, Mr. Zazueta was held to a higher standard. This appeal followed.

## II.

This court may overturn a decision of the Board only when it is 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Petitioner advances two principal arguments on appeal. First, he claims that the Board did not consider all relevant factors in affirming the penalty of removal, or that the Agency's consideration was a *pro forma* exercise to reach a predetermined result. Second, he asserts that the penalty of separation exceeds the discipline required by workplace policies applicable to the Agency, and is therefore arbitrary.

### A. The *Douglas* Factors

In reviewing the appropriateness of an agency-imposed penalty, the Board must

first ascertain that the Agency considered the relevant factors set forth in the Board's decision in *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981).[2] *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1540 (Fed.Cir.1984). The Board need not make findings on factors that are not relevant, but "failure to consider a significant mitigating circumstance constitutes an abuse of discretion." *Van-Fossen v. Dep't Housing & Urban Dev.,* 748 F.2d 1579, 1581 (Fed.Cir.1984).

■ The record indicates that the Agency considered the relevant *Douglas* factors and did not merely engage in a *pro forma* exercise to reach a predetermined result. Chief Stitt acknowledged that Mr. Zazueta had never been previously disciplined and that he had an exemplary work record; Brief for Petitioners, at 13 ("Stitt conceded that Zazueta was a good agent."). He concluded that Mr. Zazueta might be a good rehabilitation prospect to be freed from drug abuse, but that his character had been fatally undermined by intentionally using illegal drugs in violation of the laws he had been sworn to uphold. The resulting defect of character, in Chief Stitt's view, was not amenable to rehabilitation. The stresses of Mr. Zazueta's home life were acknowledged, but deemed irrelevant. The use of drugs was not an acceptable response to such stresses. Moreover, the record suggested that the drug use had precipitated Mr. Zazueta's domestic problems, not the other way around. Finally, Chief Stitt considered lesser penalties, noting that he might have come to a different conclusion in the case of an agent who had become addicted to prescription drugs as a result of an on-duty injury, or in the case of an employee with lesser responsibilities. But he concluded that a suspension would not remove the issue of whether this officer can be trusted.

The record clearly indicates that the Agency considered the relevant mitigating factors. This court declines to find an abuse of discretion simply because the Agency concluded that those factors did not outweigh the gravity of the offense.

## B. Compliance with Agency Policy

■ Petitioner next argues that the penalty of removal exceeds the level of discipline provided in (1) the INS Table of Penalties, (2) Executive Order 12564 and

---

2. The *Douglas* factors are: (1) The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) The employee's past disciplinary record; (4) The employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) Consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) Consistency of the penalty with any applicable agency table of penalties; (8) The notoriety of the offense or its impact upon the reputation of the agency; (9) The clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) Potential for employee's rehabilitation; (11) Mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and (12) The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. *Douglas,* 5 M.S.P.R. at 313.

the INS Drug Free Workplace Policy, and (3) the Supervisor's Guide to Discipline in the INS, and is therefore arbitrary.

The INS Table of Penalties does not include a category for "positive illegal drug test." Mr. Zazueta argues that penalty table entry 34 is closest to the misconduct at issue: "Excessive use of intoxicants or drugs while off duty with disreputable effects," and that the specified penalty range—reprimand to ten-day suspension—should govern. Chief Stitt concluded that table entry 34 was not controlling because it applied only to prescription drugs—not illicit drugs—and that a law enforcement officer is held to a higher standard of conduct than other Department of Justice employees. In his view, penalty table entry 21, which provides that an individual who engages in criminal conduct, on or off duty, can be subject to a penalty ranging from official reprimand to separation for the first offense, was the more appropriate charge. We find nothing arbitrary in this determination. Moreover, an agency is not required to follow the penalty table in aggravated cases. *Farrell v. Dep't of Interior,* 314 F.3d 584, 590–94 (Fed.Cir.2002).

Petitioner argues that the Drug Free Workplace Policy, implemented by a 1986 Executive Order, precludes dismissing any employee who, as a first offender, uses drugs but consents to counseling upon discovery. The Executive Order, however, allows employees to be removed, if appropriate, for use of illegal drugs and permits "appropriate personnel actions" in addition to counseling.

The Supervisor's Guide to Discipline in the INS provides that penalties for misconduct should be the minimum necessary to correct the behavior and should fit the offense. Removal is described as "the capital punishment of Federal discipline" and "should be used only for very egregious offenses (such as rape of an alien, embez-zlement of thousands of dollars from the government or other felony criminal misconduct)." The Supervisor's Guide, however, does not bar the separation of an employee after alternatives have been considered, and Chief Stitt found alternative penalties to be insufficient because they could not repair the breach of trust that had occurred when an officer with drug interdiction responsibilities had been found to have engaged in the very conduct he was charged with combating. This court finds nothing in the record that renders this conclusion arbitrary or unreasonable.

Finally, the petitioner has not cited a single case in which the decision to remove a law enforcement officer for off-duty drug use has been found unreasonable. The case law is clearly to the contrary. *Rice v. Dep't of Treasury,* 998 F.2d 997 (Fed.Cir. 1993) (sustaining removal of IRS agent for off-duty use of drugs); *Thompson v. Dep't of Justice,* 51 M.S.P.R. 43 (1991) (sustaining removal of prison guard for off-duty possession of marijuana); *Masino v. United States,* 218 Ct.Cl. 531, 589 F.2d 1048 (1978) (sustaining removal of United States Customs Service employee for personal use and transportation of marijuana).

### III.

Because the Board considered the relevant factors in determining the appropriateness of the penalty, including the penalty's consistency with applicable Agency policies, and its decision was otherwise reasonable, this court affirms.