**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENNETH M. HULETT,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　　Agency.

DOCKET NUMBER
SF-0752-11-0690-B-1

DATE: September 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Patricia Zengel, Esquire, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The agency has filed a petition for review of the remand initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the remand  initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        As a Lead Firefighter, the appellant was subject to random drug testing. Initial Appeal File (IAF), Tab 7 at 11.  On March 26, 2011, he exhibited behavior which gave the agency a reasonable suspicion that he was unable to perform his duties.  He was directed to undergo a drug test, which verified positive for marijuana.  The agency proposed his removal for Illegal Drug Use, specifically, testing positive for marijuana, *id.* at 123, and, at the same time, referred him to the Civilian Employee Assistance Program (CEAP), *id.* at 125.  He was removed effective May 31, 2011.  *Id.* at 14, 11.  On appeal, the appellant admitted that he used marijuana but alleged, inter alia, that the agency committed harmful error in that the deciding official considered, in her penalty determination, aggravating factors with which the appellant was not charged and/or had ex parte communications that violated his due process rights.  *Id.*, Tab 17 at 3.  The appellant also raised claims of disability discrimination and retaliation for engaging in protected activity.  *Id.* at 3-4; Tab 20 at 4-5.

¶3        After convening the requested hearing, the administrative judge issued an initial decision affirming the removal action.  *Id.*, Tab 21, Initial Decision (ID) at

1, 18. He found that the charge was sustained, ID at 1-6; that the appellant failed to prove his affirmative defenses of harmful error, disability discrimination, and retaliation for protected activity, ID at 7-10; and that the agency proved that a nexus existed between the sustained charge and the efficiency of the service and that the penalty of removal was reasonable, ID at 10-17.

¶4      On the appellant's petition for review, the Board first noted that he did not challenge the administrative judge's findings that the agency proved the charge and that the appellant did not prove his affirmative defenses of disability discrimination and retaliation, stating that "we do not address these issues." *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 5 n.2 (2013). The Board found, however, that the appellant implicitly raised a due process claim concerning the penalty imposed but that the administrative judge neither informed him of the applicable burdens of proof nor adjudicated the claim. *Id.*, ¶¶ 9-10. In remanding the case for further adjudication, *id.*, ¶ 10, the Board directed the administrative judge to apprise the appellant of his burden and the elements of proof regarding his due process claim and to obtain clarification from him as to the alleged ex parte communications regarding aggravating factors that the deciding official allegedly considered in her penalty assessment. *Id.*, ¶ 11. If the administrative judge found that there was an ex parte communication and that it was so substantial and so likely to cause prejudice that no employee could fairly be required to be subjected to a deprivation of property under the circumstances, then the administrative judge was to find a due process violation and reverse the agency action; if not, then the administrative judge was to conduct a harmful error analysis as to any procedural error concerning the penalty determination. *Id.* The Board also vacated the administrative judge's findings regarding nexus and penalty. *Id.*, ¶ 1.

¶5      On remand and as directed, the administrative judge issued an order setting out for the appellant the applicable burdens of proof on his claims of denial of due process and harmful procedural error. Remand Appeal File (RAF), Tab 3 at

1-2. And, as directed, the administrative judge afforded the appellant an opportunity to clarify the ex parte communications that he alleged the deciding official considered without notice to him. *Id.* at 3. The administrative judge referred the appellant to the matters the Board had set forth in its Opinion and Order as those he had identified in his petition for review. *Id.* at 3 n.1; *see Hulett*, 120 M.S.P.R. 54, ¶ 2. The appellant responded, RAF, Tab 4, as did the agency, *id.*, Tab 5.

¶6       In his remand initial decision, the administrative judge first repeated the analysis of the charge of Illegal Drug Use that he made in his earlier initial decision and his finding that the agency met its burden of proof.[2] RAF, Tab 6, Remand Initial Decision (RID) at 2-7. In addressing the denial of due process claim, the administrative judge considered the appellant's response to the order he issued wherein the appellant appeared to allege that the deciding official had ex parte communications with the commanding officer of the naval base regarding the events underlying the agency's charge and that that information influenced the deciding official's decision to remove the appellant, thus depriving him of due process. RAF, Tab 4. Noting the testimony of the deciding official that she never spoke with the commanding officer or received any guidance from him, the administrative judge concluded that the appellant did not establish an ex parte communication. RID at 10.

¶7       The administrative judge then considered the allegations the appellant raised in his petition for review, matters of which, he contended, he was not made aware in the notice of proposed removal. They included his conviction for driving under the influence, his observed impairment, his inability to perform his duties, his use of a mind-altering drug, and his insubordination in not taking the

_____

[2] The administrative judge need not have undertaken this analysis, given that the Board affirmed his earlier finding that the agency proved its charge by preponderant evidence. *Hulett*, 120 M.S.P.R. 54, ¶ 1. Nonetheless, the administrative judge's additional analysis did not constitute error.

drug test on the date he was ordered to do so. The administrative judge found that, based on the proposal notice, the appellant was aware of these matters and had a full and fair opportunity to respond to them, which he did, and that the record contained no evidence of ex parte communication of any new and material information to the deciding official that was not brought to the appellant's attention in the proposal notice. RID at 11. As to the consistency of the penalty, the notoriety of the misconduct, the deciding official's belief that, as an illegal drug user, the appellant lacked rehabilitative potential and that lesser discipline is not a successful deterrent for such employees, the administrative judge found that the appellant did not explain what he believed to be any ex parte communication from or to the deciding official that she considered without giving him notice and an opportunity to respond and that, to the extent the deciding official testified that she considered these factors, they too were referenced in the proposal notice. RID at 11-13.

¶8 Having found no due process violation, the administrative judge as directed considered whether the appellant had established harmful error. In finding that he did not, the administrative judge similarly found that he had not established that the agency committed any procedural error, much less any error that was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. RID at 14-15.

¶9 Next, the administrative judge repeated the findings he had earlier made in concluding that the appellant failed to establish his allegations of disability discrimination and retaliation.[3] RID at 15-16. Lastly, the administrative judge

---

[3] As noted, the Board found in its Opinion and Order that the appellant did not challenge the administrative judge's finding that he failed to prove his affirmative defenses of disability discrimination and retaliation and that "[t]herefore, we do not address these matters." *Hulett*, 120 M.S.P.R. 54, ¶ 5 n.2. The Board's Opinion did not direct the administrative judge to make any further findings as to these claims and therefore he need not have done so. *See Umshler v. Department of the Interior*, 55 M.S.P.R. 593, 597, *aff'd*, 6 F.3d 788 (Fed. Cir. 1992) (Table). Again, however, this did not constitute error.

6

found, as he had earlier, that the agency established that discipline for the sustained misconduct promoted the efficiency of the service and that removal for that misconduct was a reasonable penalty. RID at 17-24.

¶10 The appellant has filed a petition for review, Remand Petition for Review (RPFR) File, Tab 6, to which the agency has responded in opposition, *id.*, Tab 8.

¶11 Concerning the due process issue, the appellant argues on review that, although not part of the agency's charge, the deciding official considered as an aggravating factor that the appellant was or may have been under the influence and/or was impaired. RPFR File, Tab 6 at 4; IAF, Tab 7 at 14. It is well established that only ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999); *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 7 (2011). Here, as the administrative judge found, the notice of proposed removal includes, in the narrative of the facts underlying the charge, a description of the appellant as provided by the Chief who interviewed him after several members of the Federal Fire Department reported that he did not appear to be able to perform his duties. IAF, Tab 7 at 123. The proposing official related that the Chief described the appellant as slumped in his chair, with bloodshot eyes, pinpointed pupils, and slurred speech, and agreed that he was not capable of performing his duties. *Id.*; RID at 11. The appellant has not shown error in the administrative judge's finding that, to the extent that there was an ex parte communication regarding the appellant's possible impairment, it introduced only cumulative evidence, not new and material evidence, and therefore did not constitute a due process violation. For the same reason, we find that the appellant has not shown error in the administrative judge's finding that, to the extent there was ex parte communication regarding the appellant's having used a mind-altering drug, it introduced only cumulative evidence, not new and material evidence, and therefore did not constitute a denial of due process. RID at 11.

¶12     The appellant argues further that, without giving advance notice to him, the deciding official relied in her penalty determination on the fact that he had received a Driving Under the Influence criminal conviction in 1998. RPFR File, Tab 6 at 4; IAF, Tab 7 at 16-19 (the agency's *Douglas* factors analysis). However, the administrative judge considered the hearing testimony of the deciding official wherein she specifically denied having given that conviction any weight in her penalty assessment. RID at 11. The appellant has failed to show error in the administrative judge's findings that, because the 1998 conviction was not a basis for the deciding official's determination on either the merits of the charge or the penalty to be imposed, there was no due process violation. *Cf. Lopes*, 116 M.S.P.R. 470, ¶ 12 (explaining that the deciding official's hearing testimony confirmed his consideration of ex parte information about prior misconduct found on the *Douglas* factors worksheet); *Pickett v. Department of Agriculture*, 116 M.S.P.R. 439, ¶ 12 (2011) (highlighting that the deciding official "testified that he considered information he received" outside the proposal notice).

¶13     Finally, the appellant argues on review that he was not on notice of the deciding official's consideration in her penalty determination of certain matters she deemed as aggravating factors, specifically, the notoriety of the offense and the appellant's being willfully defiant and insubordinate. RPFR File, Tab 6 at 5. As the administrative judge found, however, both of these matters were referenced in the notice of proposed removal, wherein the proposing official noted that the appellant initially refused to report for drug testing on the date identified and that, for a Lead Firefighter, the use of illegal drugs violates the special trust of the general public who rely on Firefighters to protect life and property. RID at 11-12; IAF, Tab 6 at 123. We find therefore that the appellant has not shown error in the administrative judge's finding that, to the extent these

matters constituted ex parte communications, they did not constitute a denial of due process.[4]

¶14     The appellant also appears to challenge on review the administrative judge's finding that removal is a reasonable penalty.[5]  Specifically, the appellant argues, as he did below, that the agency's policy on illegal drug use provides that a removal will be initiated for a first-time use if the employee refuses to obtain counseling or rehabilitation through the CEAP or for a second finding of illegal drug use.  RPFR File, Tab 6 at 6.  The appellant asserts that he fully cooperated with the CEAP and completed an "extensive rehabilitation program" and that these factors and others preclude the agency's imposition of the removal penalty.  *Id.*  The administrative judge carefully considered the appellant's claim but found, based on Board precedent, that removal may be appropriate for a first-time offense, notwithstanding the employee's participation in the CEAP, depending on the deciding official's careful consideration of the factors set out by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).  RID at 22-24; *see Zazueta v. Department of Justice*, 94 M.S.P.R. 493, ¶¶ 6-11 (2003), *aff'd*, 104 F. App'x 166 (Fed. Cir. 2004).

¶15     Here, as the administrative judge correctly found, the deciding official did consider the relevant *Douglas* factors in rendering her decision, including: (1) the seriousness nature of the appellant's misconduct that was antithetical to

---

[4] The appellant has not, on review, challenged the administrative judge's finding that he did not establish harmful procedural error, and we discern no basis upon which to disturb that finding.

[5] In connection therewith, the appellant argues that, by not allowing him to fully question the deciding official on cross-examination, the administrative judge prevented him from presenting his claim related to disparate penalty, that is, that other agency employees who had tested positive for illegal drugs were not ultimately removed from their positions because the agency offered, and they accepted, last-chance settlement agreements.  RPFR File, Tab 6 at 2-3.  A majority of the Board considered this argument in its Opinion and Order but found that it provided no basis to disturb the initial decision.  *Hulett*, 120 M.S.P.R. 54, ¶ 5 n.2.  Therefore we will not further consider it.

the duties of his position, which require critical thinking and the ability to manage stressful situations; (2) the fact that, as a Lead Firefighter, he directly supervised a crew of three or four personnel and was therefore required to be alert, attentive, and responsible for the safety of his crew; (3) that he provided emergency services of a critical nature, impacting the preservation of life and property, and was in contact with the public who depends on Firefighters and typically holds them in high regard; (4) that she had lost confidence in the appellant's ability to perform his duties, which negatively impacted the agency's ability to accomplish its mission; (5) that the appellant's drug test was the result of his crew members' reasonable suspicion of his impairment; (6) that removal was within the range of penalties for a first offense of illegal drug use in the applicable Table of Penalties; and (7) that the appellant was subject to random drug testing and had been warned by a policy statement that illegal drug use could lead to removal. RID at 17-23. The administrative judge further found that the deciding official considered the appellant's satisfactory performance ratings, his past training, and letters of appreciation he had received but found that these factors were not significant, given his 21 years of service. RID at 18-19. And, she considered that he was experiencing personal and medical problems, but found that he did not explain why these problems led him to illegal drug use, rather than other coping mechanisms. RID at 23-24.

¶16     The administrative judge considered other mitigating factors cited by the appellant, that is, his years of discipline-free service and the lack of notoriety surrounding his misconduct, but found that these matters were outweighed by the seriousness of his misconduct. RID at 24. Beyond his disagreement, the appellant has not shown error in the administrative judge's finding that, based on the sole sustained charge, the penalty of removal did not exceed the bounds of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Zazueta*, 94 M.S.P.R. 493, ¶¶ 6-11. Accordingly, we affirm the remand initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                        _____
                                                   William D. Spencer
                                                   Clerk of the Board

Washington, D.C.