Harry R. RICE, Petitioner,

v.

DEPARTMENT OF the TREASURY, Respondent.

No. 93–3059.

United States Court of Appeals, Federal Circuit.

July 22, 1993.

Rehearing Denied Aug. 30, 1993.

Harry R. Rice, pro se.

Franklin E. White, Jr., Atty. Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director.

Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.

SKELTON, Senior Circuit Judge.

## DECISION

Harry R. Rice, appellant, appeals from a decision of the Merit Systems Protection Board (board), 55 M.S.P.R. 279 (1992), affirming Rice's removal from his position by the Internal Revenue Service (IRS or agency). We affirm.

## OPINION

Rice was a Supervisory Internal Revenue Agent (GS–13) when he was removed on September 21, 1990. He had been indicted by a grand jury in Charlotte, North Carolina, on August 9, 1990, on four counts of conspiracy to defraud the United States and related activities. He was tried and convicted by a jury. The jury found him guilty on four criminal counts as follows: (1) conspiracy to commit an offense against the United States; (2) illegal access to a computer of the IRS; (3) improper disclosure of information by an IRS employee; and (4) conspiracy to defraud the United States in connection with the revenue laws. On April 1, 1991, Judge Robert D. Potter sentenced him to imprisonment for a term of 48 months.

On August 9, 1990, the agency sent Rice a letter proposing to remove him for the following reasons: (1) disclosing, without authority, information regarding an investigation by the agency; (2) knowingly assisting

in the preparation of documents intended to conceal assets and to avoid tax consequences; (3) using cocaine and marijuana on numerous occasions; and (4) making false statements to the Inspection Service. As shown above, Rice was indicted and convicted on criminal charges involving the misconduct alleged in reasons 1 and 2 of the removal notice.

By letter dated September 19, 1990, the agency notified Rice that the reasons stated in the removal notice were sustained, and that he would be removed effective September 21, 1990. Rice then appealed to the MSPB, and a hearing was held before an administrative judge (AJ), who affirmed the removal decision of the agency on May 20, 1992. By order dated October 16, 1992, the full board denied Rice's petition for review, and he then appealed to this court.

During the hearing before the AJ, the IRS was allowed to use Rice's criminal trial and conviction to collaterally estop Rice from challenging reasons 1 and 2 of his removal notice. Also, the AJ sustained reason 3, finding that by his own admission that Rice had used cocaine and marijuana on numerous occasions. Reason 4 was not sustained by the AJ because it was not supported by a preponderance of the evidence.

In his appeal to this court, Rice's main contention is that the AJ committed error in allowing the IRS to use Rice's criminal conviction to collaterally estop him from challenging reasons 1 and 2 of the removal notice. We do not agree. We held in *Kroeger v. United States Postal Serv.*, 865 F.2d 235, 238 (1988) and in *Thomas v. Gen. Servs. Admin.*, 794 F.2d 661, 664 (1986), that it was proper for the board to use collateral estoppel if the proper criteria were present for its application. These criteria were listed in *Thomas* (and also in *Kroeger*) as follows: (1) the issue previously adjudicated is identical with that now presented; (2) that issue was "actually litigated" in the prior case; (3) the previous determination of that issue was necessary to the end-decision then made; and (4) the party precluded was fully represented in the prior action. The AJ found that all of these criteria were present in the instant case, and that they had been fully complied with. Therefore, he determined that the use of collateral estoppel was proper.

Rice contends in his appeal to this court that the application of collateral estoppel was improper and premature because the decision in his criminal case was not final for the reason that an appeal was pending. This contention is incorrect both factually and legally. The facts show that Rice's conviction was affirmed by the United States Court of Appeals for the Fourth Circuit on May 4, 1992, which was more than two weeks before the date of the AJ's decision on May 20, 1992. It is clear that no appeal was pending when the AJ decided the case. Also, no appeal was pending when the full board denied Rice's petition for review on October 16, 1992. Rice filed a habeas corpus motion pursuant to 28 U.S.C. § 2255 collaterally attacking his conviction on October 29, 1992, which obviously was not an appeal of his case, and it was not pending when the AJ and the board rendered their decisions. The district court overruled the motion on February 19, 1993. We conclude from these facts that no appeal was pending when the AJ and the full board applied collateral estoppel to bar any challenges by Rice to reasons 1 and 2. Consequently, Rice's argument is without merit.

In any event, the result would have been the same if an appeal had been pending. The law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding. *SSIH Equipment S.A. v. United States Intern. Trade Com'n.*, 718 F.2d 365, 370 (Fed. Cir.1983). The same rule is applicable to a decision of the MSPB. Accordingly, the use of collateral estoppel was proper.

The board found that there was nexus between Rice's misconduct in using marijuana and cocaine on numerous occasions and the efficiency of the service. Rice argues that there could be no nexus because his use of these substances occurred when he was off duty. His argument is not persuasive. The law is well settled that an employee can be removed for off-duty possession and use of these illegal drugs. *Sanders v. United*

**1000**

*States Postal Serv.,* 801 F.2d 1328, 1332 (Fed. Cir.1986).

The board also found that the action taken by the agency against Rice promoted the efficiency of the service. Finally, the board considered the reasonableness of the penalty imposed, and concluded that the removal was justified and proper.

 We hold that the decision of the board is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or contrary to law, and it is affirmed.

***AFFIRMED.***