101 F.3d 714
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Apolonio L. ABELLANES Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3219.
 United States Court of Appeals, Federal Circuit.
 Nov. 7, 1996.
 
 Before RICH, PLAGER, and CLEVENGER, Circuit Judges.
 
 PER CURIAM
 
 1
 Mr. Abellanes appeals from a Final Decision of the Merit Systems Protection Board ("Board") dismissing his appeal on the grounds of collateral estoppel. Because we agree with the Board that issue preclusion applies in this case, we affirm.
 
 BACKGROUND
 
 2
 Mr. Abellanes applied to the Office of Personnel Management ("OPM") for annuity benefits under the Civil Service Retirement System and was denied. A final reconsideration decision of OPM was issued on November 28, 1983. By letter postmarked March 20, 1984, Mr. Abellanes filed a petition with the Board appealing the final decision of OPM, approximately two and one half months after the 20 day filing period specified by regulation had expired. The Board dismissed the petition as untimely concluding that Mr. Abellanes had failed to carry his burden of excusing his delay. Rather than file an appeal to this court, Mr. Abellanes waited almost 11 years and filed another appeal with the Board. OPM moved to dismiss that appeal on the grounds that Mr. Abellanes was precluded from relitigating the untimeliness issue under the doctrine of collateral estoppel. The Board agreed and dismissed. He now appeals that decision, which became final on March 7, 1996.
 
 DISCUSSION
 
 3
 We review the board's decision within precisely defined statutory limits. See Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the Board's decision to dismiss Mr. Abellane's appeal unless it is shown to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Mr. Abellanes has not met this burden.
 
 
 4
 The Board may give collateral estoppel effect to its prior decisions in appropriate circumstances. Kroeger v. United States Postal Serv., 865 F.2d 235, 238 (Fed.Cir.1988); Thomas v. General Servs. Admin., 794 F.2d 661, 664 (Fed.Cir.1986). Whether collateral estoppel, now referred to as issue preclusion, applies here turns on whether: (1) the issue previously adjudicated by the Board is identical to the one before us; (2) that issue was "actually litigated" before the Board; (3) the Board's resolution of that issue was necessary to the resulting judgment; and (4) the litigant was fully represented. Rice v. Department of Treasury, 998 F.2d 997, 999 (Fed.Cir.1993); Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1569 (Fed.Cir.1983). As articulated by the Board, these conditions are satisfied here. Mr. Abellanes has failed to show that the Board's decision was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. Accordingly, we affirm.
 
 COSTS
 
 5
 Each party to bear its own costs.