Gina E. FUENTES, Petitioner,

v.

**DEPARTMENT OF THE TREASURY,**
**Respondent.**

No. 02–3190.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 9, 2003.

Before MICHEL, LOURIE, and DYK, Circuit Judges.

MICHEL, Circuit Judge.

Gina E. Fuentes petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming her removal from her position as Supervisory Paralegal Specialist based on her testing positive for illegal drug use. *Fuentes v. Dep't of the Treasury*, Docket No. DA–0752–00–0129–1–2, slip op., 91 M.S.P.R. 129 (MSPB Jan. 8, 2002). Administrative Judge Cornelius found that Fuentes offered no *credible* explanation for why she asserted that her positive test results for amphetamines should not be considered adequate proof of "illegal drug use" as defined by Executive Order Number 12,-564, 51 Fed. Reg. 32,892 § 7 (Sept. 17, 1988),[1] or why she maintained that the

1. Executive Order Number 12,564 includes the following provisions:

agency did not properly consider all of the *Douglas* factors[2] before determining that removal was the appropriate penalty. *Fuentes v. Dep't of the Treasury,* Docket No. DA–0752–00–0129–1–2, slip op. at 7, 12 (MSPB Mar. 30, 2001). On appeal to the full board, the MSPB denied the petition for review. Because the Administrative Judge's findings were duly supported by substantial evidence and the penalty was reasonable, we *affirm.*

On appeal, a decision by the Board cannot be overturned unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000); *Ellison v. Merit Sys. Prot. Bd.,* 7 F.3d 1031, 1034 (Fed.Cir.1993). Fuentes tested positive for amphetamine use on March 1, 1999. There are, thus, two issues in this case: first, whether Fuentes' drug test should have been interpreted as proof of illegal drug use; and second, whether removal was an appropriate penalty.[3]

## I.

■ The Administrative Judge found Fuentes' only explanation for why she tested positive for amphetamines—that she was taking the medication Asenlix prescribed to her by a Mexican doctor—not credible. *Fuentes,* Docket No. DA–0752–00–0129–1–2, slip op. at 6 (MSPB Mar. 30, 2001). The Administrative Judge explained that "[Fuentes'] testimony was not direct and straightforward and many times she did not appear sure of her facts." *Id.* He also offered an extended list of facts that detracted from her explanation, including, for example, that she did not "remember" to disclose her use of Asenlix to the supervising physician even though she had no trouble remembering to disclose thirteen other medications, including some that she had supposedly taken much less recently. *Id.* at 6–7. All of the Administrative Judge's findings were well supported by substantial evidence, and the petitioner offers no cogent arguments for why the findings were erroneous. Instead, Fuentes argues that use of Asenlix procured by a prescription is not illegal. She ignores that the Administrative Judge disbelieved her explanation that Asenlix, taken pursuant to a valid prescription, caused her positive drug test. In light of that credibility assessment it is irrelevant whether "illegal drugs" includes drugs prescribed outside of this country. Fuentes' arguments are relevant only to issues the Administrative Judge never reached. Fuentes offers this court no logical or con-

Section 1. *Drug–Free Workplace.*
(a) Federal employees are required to refrain from the use of illegal drugs.
(b) The use of illegal drugs by Federal employees, whether on duty or off duty, is contrary to the efficiency of the service.
(c) Persons who use illegal drugs are not suitable for Federal employment.
Sec. 7. *Definitions.*
(a) This Order applies to all agencies of the Executive Branch.
(c) For purposes of this Order, the term "illegal drugs" means a controlled substance included in Schedule I or II, as defined by section 802(6) of Title 21 of the United States Code, the possession of which is unlawful under chapter 13 of that Title. The term "illegal drugs" does not mean the use of a controlled substance pursuant to a valid prescription or other uses authorized by law.

2. *See Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280, 303 (1981).

3. The Administrative Judge also adjudicated a whistleblower complaint by Fuentes. As Fuentes makes no arguments about this issue on appeal, we will consider the issue waived.

vincing reason to reverse the Board's decision on liability.

## II.

█ Whether or not a penalty was reasonable we must leave to the sound discretion of the agency unless the Board's affirmance of the penalty is not supported by substantial evidence or the penalty amounts to an abuse of discretion. *See Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed.Cir.1985) (holding that "the court will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion'" (citation omitted)). We agree with the Board that the authorized penalty of removal does not exceed the limits of reasonableness under the facts of this case.

Fuentes offers mitigating evidence but as the Administrative Judge found that the deciding official "appropriately considered the *Douglas* factors under the circumstances of this case" and offered a comprehensive summary of those circumstances, we see no error. *Fuentes,* Docket No. DA–0752–00–0129–1–2, slip op. at 12 (MSPB Mar. 30, 2001). Moreover, since "the law is well settled that an employee can be removed for off-duty possession and use of these illegal drugs," the nexus between the charge in this case and the efficiency of the service is indisputable. *Rice v. Dep't of the Treasury*, 998 F.2d 997, 999 (Fed.Cir.1993). The Board's holding that the penalty selected by the agency is reasonable and promotes the efficiency of the service is, therefore, affirmed.