**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 15**

Docket No. SF-0752-15-0560-I-1

**Zachary M. Batara,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

March 7, 2016

Robert D. Lillis, Honolulu, Hawaii, for the appellant.

Jason Zhao, Esquire, Pearl Harbor, Hawaii, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1    The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 30-day suspension. For the reasons set forth below, the Board GRANTS the agency's petition, REVERSES the initial decision, and SUSTAINS the appellant's removal.

## BACKGROUND

¶2    On August 6, 2014, the agency proposed to remove the appellant from his position as WT-5 Student Trainee (Marine Machinery Mechanic) at the agency's Pearl Harbor Naval Shipyard based on his involvement in illegal drug activity. Initial Appeal File (IAF), Tab 5 at 58-63. The agency alleged that, on

January 23, 2014, during an investigative interview, the appellant admitted to using marijuana frequently since becoming a Shipyard employee and to daily use during the period leading up to the interview, including the night before, and he stated that he believed he was addicted. *Id*. at 58; *see* IAF, Tab 12 at 4-6. After the appellant replied to the proposal orally and in writing, IAF, Tab 5 at 31-37, the agency issued a decision on April 29, 2015, sustaining the charge and finding removal warranted, effective May 4, 2015. *Id.* at 9-14. On appeal to the Board, the appellant argued that the penalty of removal was too harsh. IAF, Tab 1 at 5.

¶3        After convening the requested hearing, the administrative judge issued an initial decision. IAF, Tab 18, Initial Decision (ID). She found that, because the appellant did not dispute the charge and stipulated to all the facts necessary to prove it, the charge was sustained and the agency proved that the action promoted the efficiency of the service. ID at 5-6. She found, however, that the agency's penalty determination was not entitled to deference, that removal was not within the tolerable limits of reasonableness, and that the maximum reasonable penalty for the sustained charge was a 30-day suspension. ID at 6-21.

¶4        The agency has filed a petition for review, arguing that its penalty determination was entitled to deference and that, even if it were not, removal remains the maximum reasonable penalty for the sustained charge.[1] Petition for Review (PFR) File, Tab 1 at 4-5, 7-22. The appellant has filed a response to the agency's petition.[2] PFR File, Tab 3.

---

[1] With its petition, the agency certified its compliance with the administrative judge's interim relief order. PFR File, Tab 1 at 23; *see* ID at 22-23. The appellant does not challenge the provision of interim relief and thus we need not further discuss that matter. *See* 5 C.F.R. § 1201.116.

[2] The appellant has not filed a cross petition for review or otherwise challenged the administrative judge's findings that the agency proved the charge and established nexus. PFR File, Tab 3. Because the appellant has not challenged these findings and because we discern no error in the administrative judge's well-reasoned findings regarding these matters, we will not disturb them. *See Crosby v. U.S. Postal Service*,

ANALYSIS

¶5      If the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015); *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 9 (quoting *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987)), *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006).  That is because the employing agency, and not the Board, has primary discretion in maintaining employee discipline and efficiency.  *Saiz*, 122 M.S.P.R. 521, ¶ 5; *Balouris v. U.S. Postal Service*, 107 M.S.P.R. 574, ¶ 6 (2008), *aff'd*, No. 2008-3147, 2009 WL 405827 (Fed. Cir. 2009); *Batten*, 101 M.S.P.R. 222, ¶ 9.  The Board will not displace management's responsibility, but instead will ensure that managerial judgment has been properly exercised.  *Saiz*, 122 M.S.P.R. 521, ¶ 5 (2015); *Balouris*, 107 M.S.P.R. 574, ¶ 6; *Batten*, 101 M.S.P.R. 222, ¶ 9.  Mitigation of an agency-imposed penalty is appropriate only where the agency failed to weigh the relevant factors[3] or where the agency's judgment clearly exceeded the limits of reasonableness.  *Saiz*, 122 M.S.P.R. 521, ¶ 5; *Balouris*, 107 M.S.P.R. 574, ¶ 6; *Batten*, 101 M.S.P.R. 222, ¶ 11.  The deciding official need not show that he considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating

---

74 M.S.P.R. 98, 105-06 (1997) (finding no basis to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

factors before deciding on a penalty. *Saiz*, [122 M.S.P.R. 521](#), ¶ 5; *Balouris*, [107 M.S.P.R. 574](#), ¶ 6; *Batten*, [101 M.S.P.R. 222](#), ¶ 11.

The agency's penalty determination was entitled to deference.

¶6  The administrative judge found that the agency's penalty determination was not entitled to deference because the deciding official failed to consider as a mitigating factor the confidence of the appellant's supervisors in his ability to perform the functions of his position. ID at 7-10. In so finding, the administrative judge referred to letters of reference from three individuals in the appellant's chain of command, his work leader, first-line supervisor, and second-line supervisor; evidence that the appellant submitted in reply to the notice of proposed removal. ID at 8-9; *see* IAF, Tab 5 at 46-49. The three individuals attested to the appellant's strong work ethic, his skills and abilities, and his dedication to the job, and, based on their confidence in him, they all urged that he be given a second chance. IAF, Tab 5 at 46-49. The administrative judge further found that the deciding official erred in giving more weight to the proposing official's statement that he had lost confidence in the appellant's ability to perform his duties and to exercise good judgment and follow the most basic of rules and procedures, reasoning that the statement of supervisory nonconfidence appeared to have no basis in fact in that it was not derived from his personal interactions with the appellant. ID at 9; IAF, Tab 5 at 10, 60. The administrative judge acknowledged that the proposing official was in the appellant's line of supervision during the relevant time period, but found that he was at least three levels above the appellant and had conceded that he was unlikely to have had frequent contact with him. ID at 7-8. Because of the way in which the deciding official weighed the evidence on this particular *Douglas* factor, the administrative judge found that the agency's penalty selection was not entitled to deference. ID at 10.

¶7  The Board has held that the penalty judgment belongs to the agency, not to an appellant's supervisor, and that, in the absence of an agency's failure to

consider the relevant *Douglas* factors adequately, a supervisor's opinions are insufficient to overcome the agency's judgment concerning the seriousness of the misconduct and the appropriateness of the agency-imposed penalty. *Gebhardt v. Department of the Air Force*, 99 M.S.P.R. 49, ¶¶ 19-20 (2005); *Edwards v. Department of the Army*, 87 M.S.P.R. 27, ¶ 9 (2009), *aff'd sub nom. Rodriguez v. Department of the Army*, 25 F. App'x 848 (Fed. Cir. 2011). Because the record reflects that the deciding official weighed the relevant factors in arriving at the removal penalty, IAF, Tab 5 at 10-11, the opinions of the three agency officials were insufficient to overcome the agency's judgment, which was made and explained by the deciding official. Therefore, we find that the administrative judge erred in failing to defer to the agency's penalty determination. *See Saiz*, 122 M.S.P.R. 521*, ¶ 5; Balouris*, 107 M.S.P.R. 574*, ¶ 6; Batten*, 101 M.S.P.R. 222, ¶ 11.

The penalty of removal is within the tolerable limits of reasonableness.

¶8        Even if we agreed with the administrative judge that the deciding official failed to afford proper weight to the opinions of the appellant's work leader, and first-line and second-line supervisors, such that his penalty determination is not entitled to deference, we still would find, based on our independent analysis of the appropriate penalty, that removal is reasonable in this case. In assessing the reasonableness of a penalty, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014); *Rackers v. Department of Justice*, 79 M.S.P.R. 262, 282 (1998), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table). In his position, the appellant's work directly supported and enhanced the welfare of warfighters using submarines in military operations. Hearing Compact Disc (HCD) (testimony of the deciding official). Therefore, the agency reasonably concluded that the appellant's frequent use of an illegal drug presented a substantial risk to safety and demonstrated a reckless

disregard for Shipyard policy.[4] IAF, Tab 5 at 10. We find, as did the administrative judge, ID at 11, that the appellant's repeated misconduct was serious and directly related to the duties and responsibilities of his position. *Patterson v. Department of the Air Force*, 77 M.S.P.R. 557, 563-64 (explaining that removal is a reasonable penalty for drug use when the employee performs work that, if he were impaired, could result in substantial danger to the safety and lives of others), *aff'd*, 168 F.3d 1322 (Fed. Cir. 1998) (Table).

¶9      In her analysis of the penalty, the administrative judge found that the agency treated a similarly situated employee less harshly. ID at 14-18. The agency challenges that conclusion on review. PFR File, Tab 1 at 15-17.

¶10      Although acknowledging that there were differences in the offenses involved, the agency found that the appellant's removal was consistent with the penalty imposed upon another employee who was removed in 2012 for illegal drug use. IAF, Tab 5 at 10, 64. The administrative judge found, however, that the surrounding circumstances were so significantly different as to render the employee not a relevant comparator. ID at 13-14. Specifically, she found that, unlike the appellant, the comparator was in possession of methamphetamines, marijuana, and paraphernalia on government property and that he also engaged in attempted theft of agency property, apparently while under the influence. ID at 14. The administrative judge further found that there was no evidence that the comparator was in the same job classification or chain of command as the appellant. *Id*. at 14.

¶11      Rather, the administrative judge found that another employee, K.L., offered by the appellant as a comparator, was similarly situated for disparate penalty analysis purposes because he held the same position as the appellant, the same official decided both cases, and the two actions were proximate in time. ID

---

[4] Pearl Harbor Naval Shipyard is a Drug-Free Federal Workplace. IAF, Tab 5 at 73.

at 14-18. The administrative judge found that, instead of being removed, K.L. received a 30-day suspension for drug-related misconduct and that the agency failed to prove a legitimate explanation for the difference in treatment. ID at 18.

¶12    To establish disparate penalties, the appellant must show that the charges and circumstances surrounding the charged behavior are substantially similar. *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 13 (2012); *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 6 (2010). If an appellant shows that the charges and circumstances surrounding the charged behavior are substantially similar, the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld. *Ly*, 118 M.S.P.R. 481, ¶ 13. To trigger the agency's burden, there must be enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently, but the Board will not have hard and fast rules regarding the outcome determinative nature of these factors. *Id.*, ¶ 14.

¶13    As the administrative judge found, K.L. occupied the same position as the appellant, the same agency official decided K.L.'s case and the appellant's, and both actions occurred fairly contemporaneously. ID at 15-16. However, the agency proposed to remove K.L. for one drug-related offense, refusing to take a drug test, and one nondrug-related offense (engaging on several occasions in inappropriate behavior toward a female employee) whereas the appellant was charged with involvement in illegal drug activity, specifically, using marijuana repeatedly and on a regular basis over time, which was misconduct to which he admitted. ID at 15 n.8. Notwithstanding the similarity of some of the factors set forth above, we find that, on their face, the charges in the two cases were not substantially similar. Even if the agency suspected K.L. of drug involvement, the drug-related charge brought against him was failing to comply with a directive that he be tested. Under the circumstances, we find that the appellant and K.L. were not similarly situated and that the agency's burden to establish a legitimate

reason for the difference in treatment has not been triggered. At the same time, however, we agree with the administrative judge that the agency has not established that the comparator employee it proffered was similarly situated to the appellant. ID at 13-14. As the administrative judge found, the comparator employee was charged with possession of drugs and drug paraphernalia on duty, and with theft of government property. ID at 14.

¶14    Thus, based on the above, we find that neither party has identified a valid comparator employee, and we are left with no persuasive evidence as to the consistency of the penalty imposed on the appellant with those imposed on others for the same or similar offenses. That does not, however, cause us to conclude that the penalty of removal exceeds the bounds of reasonableness.[5]

¶15    The administrative judge also considered as a mitigating factor the fact that the agency did not, upon discovering the appellant's drug use, take down or re-inspect any systems on which he worked. ID at 12. The administrative judge cites nothing to support her finding that this is a mitigating factor, and we are unaware of any support for this theory.[6] *See Douglas*, 5 M.S.P.R. at 305-06. An agency need not wait until it discovers that an employee's misconduct has had significant or even catastrophic consequences before acting. *See generally Carosella v. U.S. Postal Service*, 816 F.2d 638, 643 (Fed. Cir. 1987) (stating that an employer need not place its own liability at risk by not timely acting when it learns of misconduct); *Lentine v. Department of the Treasury*, 94 M.S.P.R. 676, ¶ 13 (2003) (stating that an agency need not wait to discipline an employee until

---

[5] Based on the entire record in this appeal, the agency's reliance on the invalid comparator employee does not cause us to find that the agency's penalty determination was not entitled to deference or that the penalty of removal was unreasonable.

[6] Even to the extent that the agency's decision not to inspect the appellant's work could be viewed as a mitigating factor, based on our review of all of the record evidence, we find removal a reasonable penalty.

his sexually offensive conduct becomes so pervasive and offensive that it constitutes unlawful discrimination under a hostile work environment theory).

¶16      Although the appellant specifically denied any mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, or mental impairment, IAF, Tab 5 at 36, the administrative judge considered the appellant's age when the events at issue occurred (19-21 years old) and that the cultural and social mores regarding drug use for people of that age group constituted evidence of tension and pressure to engage in drug use.  ID at 19-20.  Again, the administrative judge cites no support for this as a mitigating factor, and we are unaware of any.  *Id.*; *see Douglas*, 5 M.S.P.R. at 305-06.

¶17      Another factor relevant to our penalty analysis is that the agency's Schedule of Offenses and Recommended Remedies provides that removal is within the range of penalties for a first offense of unlawful use, being under the influence, or possession of drugs or drug paraphernalia, on or off-duty.[7]  IAF, Tab 5 at 76; *see Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 18 (2004) (sustaining an agency's penalty determination where, among other things, it was consistent with the agency's table of penalties), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005).  In addition, regarding the clarity with which the employee was on notice of any rules that were violated in committing the offense or had been warned about the conduct in question, the appellant acknowledged being aware that Federal employees are expected to refrain from using illegal drugs.  IAF, Tab 5 at 36.

¶18      There are, however, a number of factors that weigh in the appellant's favor.  They include his lack of prior discipline, his satisfactory past work record, his ability to work well with others, and his demonstrated reliability.  IAF, Tab 5

---

[7] An employee can be removed for off-duty possession and use of illegal drugs.  *Rice v. Department of the Treasury*, 998 F.2d 997, 999 (Fed. Cir. 1993).

at 10, Tab 14 at 22-27; HCD (testimony of the appellant's work leader, first-line supervisor, and second-line supervisor). However, he had only 3 years of service with the agency. *Cf. Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶ 18 (2002) (finding that 13 years of discipline-free service was a significant mitigating factor). Additionally, the appellant's actions after the agency learned of his drug use merit consideration as a potential for rehabilitation. Specifically, he successfully completed a drug treatment program, IAF, Tab 14 at 30, provided two negative drug test results, *id.* at 31-32, and expressed his willingness to be voluntarily placed into a drug-testing program, *id.* at 39. While commendable, the appellant did not undertake these efforts, or any efforts, until after the agency's action. That significantly reduces the mitigating value of the appellant's actions. *Saiz*, 122 M.S.P.R. 521, ¶ 14 (sustaining a removal where the appellant successfully completed inpatient and outpatient drug treatment only after his arrest and conviction for a drug-related offense). The same may be said for the appellant's sentiments of remorse. IAF, Tab 5 at 31; *see Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 15 (2003) (stating that an employee's expression of remorse constitutes a significant mitigating factor only when he informs the agency of his wrongdoing of his own volition and not after the agency's investigation has already occurred), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004).

¶19    In sum, while we believe that the agency's penalty determination is entitled to deference, even if it were not, we find, based on our independent review of the *Douglas* factors, that the mitigating factors are outweighed by the seriousness of the appellant's repeated misconduct, especially considering that it presented a substantial risk to safety and a reckless disregard for Shipyard policy. We conclude, therefore, that removal is a reasonable penalty for the sustained charge.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.