**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NADIA E. FIGUEROA,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-20-0024-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE:  November 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alexis N. Tsotakos, Esquire, Keith Taubenblatt, Esquire, and
    Kevin L. Owen, Esquire, Silver Spring, Maryland, for the appellant.

Michael E. Nyre, Fort Irwin, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which reversed her removal on due process grounds, asserting that the administrative judge erred by not addressing the merits of the agency's adverse action and by finding that she failed to prove discrimination and reprisal for equal employment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

opportunity (EEO) activity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the proper legal standard for the appellant's claim of reprisal for EEO activity, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge was required to address the merits of the adverse action. Petition for Review (PFR) File, Tab 1 at 7-8. As the administrative judge noted, when, as here, a procedural due process violation has occurred because of ex parte communications, "the merits of the adverse action are wholly disregarded." Initial Appeal File (IAF), Tab 47, Initial Decision (ID) at 13; *see Giannantonio v. U.S. Postal Service*, 111 M.S.P.R. 99, ¶ 5 (2009). Thus, the administrative judge properly did not address the merits of the adverse action.

The appellant also argues that the administrative judge erred in finding that her failure to accommodate claim was barred by collateral estoppel because an appeal is pending with the Equal Employment Opportunity Commission (EEOC)'s Office of Federal Operations. PFR File, Tab 1 at 5-6. As the

administrative judge noted, the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.[2]  IAF, Tab 34 at 4; *see Rice v. Department of Treasury*, 998 F.2d 997, 999 (Fed. Cir. 1993).  We agree that the EEOC initial decision is a final judgment to which issue preclusion would apply, except to the extent that the appellant has presented new evidence in this appeal that was not addressed by the EEOC administrative judge's ruling.  ID at 19.  The appellant has not presented such evidence on review.

The appellant does not challenge the administrative judge's finding that she did not prove her discrimination-based affirmative defenses.  Regarding her claim of disability-based EEO reprisal, the administrative judge concluded that she failed to meet her burden of proving reprisal was a motivating factor in the agency's decision.  ID at 25.  We agree with the overall conclusion reached by the administrative judge, but we modify the initial decision to clarify the proper legal standard for the appellant's claim.

To establish an affirmative defense of retaliation under 42 U.S.C. § 2000e-16, i.e., Title VII discrimination and retaliation claims involving race, color, religion, sex, or national origin, an appellant must prove by preponderant evidence that her membership in a protected class was at least a motivating factor in the contested personnel action.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22.  However, a more stringent standard applies in the context of retaliation claims arising under the Rehabilitation Act, such that the appellant must prove that her prior EEO activity was a but-for cause of the retaliation.  *Id.*, ¶¶ 46-47.  Nevertheless, because the appellant did not prove that retaliation was a motivating factor in her removal, she necessarily failed to prove but-for causation.  *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33.

---

[2] We take notice that the EEOC's Office of Federal Operations has since issued decisions in the appellant's appeals, affirming the findings of no discrimination.  *Rosita R. v. Department of the Army*, EEOC Appeal No. 2020000637, 2021 WL 1925705 (April 28, 2021); *Phoebe O. v. Department of the Army*, EEOC Appeal No. 2020000674, 2021 WL 1424808 (April 5, 2021).

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.